IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| J. THOMAS ZABER, on behalf of himself and all others similarly situated, ) ) ) | Dubuque County Case No. CVCV054663 |
| Plaintiff, ) ) | Case No. _____ |
| vs. ) ) | |
| CITY OF DUBUQUE, IOWA, ) ) | **NOTICE OF REMOVAL** |
| Defendant. ) ) | |

To: United States District Court for the Northern District of Iowa, Eastern Division

PLEASE TAKE NOTICE that on this date, Defendant City of Dubuque, Iowa, hereby removes this case, pursuant to 28 U.S.C. §§ 1441(a), (b), and (c) to this Court from the Iowa District Court in and for Dubuque County. In support hereof, Defendant states:

1. Plaintiff filed its Petition against Defendant on September 5, 2006 in the Iowa District Court for Dubuque Case No. CVCV054663.

2. Defendant was served with a copy of Plaintiff's Petition on or about September 11, 2006.

3. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days following Defendant's receipt of Plaintiff's Petition.

4. Plaintiff alleges Defendant's gas, electric, and cable television franchise fees constitute tax and revenue generating measures which have been and continue to be illegally imposed, exacted and collected from the Plaintiff and all others similarly situated and are void and should be refunded. Plaintiff bases these claims on a recent decision by the Iowa Supreme Court in a case challenging the legality of a city's gas and electric franchise fee. Petition ¶ 5 (citing *Kragnes v. City of Des Moines*, 714 N.W.2d 632, 642 (Iowa 2006) (holding any franchise fee charged by a city must be reasonably related to the city's administrative expenses in the exercise of its police power)).

5. Plaintiff claims that state law does not authorize the Defendant to tax gas and electric utilities and cable television service providers. Petition ¶ 6.

6. Although Plaintiff's Petition does not explicitly state a federal question, this action must be removed because Plaintiff's challenge to the Defendant's cable television franchise fee and the corresponding claims for money damages and attorney fees in this matter are completely preempted by federal cable franchise law or, in the alternative, arise under federal cable franchise law.

7. In 1984, Congress enacted the Cable Act, 47 U.S.C. § 521 (amending the Communications Act of 1934, 47 U.S.C. § 151 et seq.), to establish a national framework for regulating cable television. *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 309, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).

-2-

8. The Cable Act empowered the "franchising authority"-which is defined as "any governmental entity empowered by Federal, State, or local law to grant a franchise," 47 U.S.C. § 522(10)-to impose a maximum of 5% of gross revenues as "franchise fees," 47 U.S.C. § 542(b).

9. Franchise fees include "any tax, fee, or assessment of any kind imposed by a franchising authority or governmental entity on a cable operator or cable subscriber, or both, solely because of their status as such." 47 U.S.C. § 542(g)(1).

10. Franchise fees may be passed directly to customers, 47 C.F.R. § 76.922 (2002), and itemized on the customers' bills, 47 U.S.C. § 542(c).

11. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208, 124 S. Ct. 2488, 2495 (2004) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed.2d 1 (2003)).

12. "[A]ny provision of law of any State, political subdivision, or agency thereof ⋯ which is inconsistent with [the Cable Act] shall be deemed to be preempted and superceded." 47 U.S.C. § 556(c).

13. The holding in *Kragnes v. City of Des Moines*, 714 N.W.2d 632, 642 (Iowa 2006), that any franchise fee charged by a city must be reasonably related to the city's administrative expenses in the exercise of its police power, is inconsistent with the Cable Act's definition of "franchise fees" as including "any tax, fee, or assessment of any kind

imposed by a franchising authority or governmental entity on a cable operator or cable subscriber, or both, solely because of their status as such." 47 U.S.C. § 542(g)(2)(A);

14. Thus, the Cable Act preempts the Iowa Supreme Court's holding in *Kragnes* from governing the Defendant's cable television franchise fee. *See Schloss v. City of Indianapolis*, 528 N.E.2d 1143 (Ind. Ct. App. 1988) (state statute limiting franchise fees to those reasonably related to administrative costs was preempted to the extent that it prevented local governments from assessing franchise fees up to the 5 percent permitted under the Cable Act), *opinion vacated on other grounds*, 553 N.E.2d 1204 (Ind. 1990).

15. Plaintiff seeks monetary damages and attorney fees based on a claim that Defendant's cable television franchise fee constitutes an illegal tax. Petition.

16. Suits for damages are prohibited in cases involving any claim against a franchising authority or other governmental entity, or any official, member, employee, or agent of such authority or entity, arising from the regulation of cable service or from a decision of approval or disapproval with respect to a grant, renewal, transfer, or amendment of a franchise. 47 U.S.C. § 555a(a).

17. The District Court has pendent jurisdiction over Plaintiff's state law claims challenging the Defendant's gas and electric franchise fees. *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

18.  Accordingly, the present lawsuit is removable from state court to the United States District Court pursuant to 28 U.S.C. §1441(a), (b), and (c).

19.  True copies of all process and pleadings filed in this action are attached hereto as Exhibit A and are incorporated herein by reference.

20.  The only counsel who have appeared in State court are the Plaintiff's attorneys, Terry M. Giebelstein, Thomas D. Waterman and Richard A. Davidson, 220 N. Main Street, Suite 600, Davenport, IA 52801.

21.  PLEASE TAKE FURTHER NOTICE that Defendant upon filing this Notice of Removal in the Office of the Clerk of the United States District Court for the Northern District of Iowa has also caused to be filed copies of the Notice with the Clerk of the Iowa District Court in and for Dubuque County, Iowa, to effect removal of this action pursuant to §1446(d).

*Ivan T. Webber (by JRW)*
Ivan T. Webber (AT0008315) (Lead Attorney)

*James R. Wainwright*
James R. Wainwright (AT0008236)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
E-mail: iwebber@ahlerslaw.com
jwainwright@ahlerslaw.com
**ATTORNEYS FOR CITY OF DUBUQUE, IOWA**

Original electronically filed.
Copy electronically served on:

Terry M. Giebelstein
Thomas D. Waterman
Richard A. Davidson
LANE & WATERMAN, LLP
220 N. Main Street, Suite 600
Davenport, IA 52801
**ATTORNEYS FOR PLAINTIFF**


Copy mailed to:

Dubuque County Clerk of Court
720 Central Avenue
P.O. Box 1220
Dubuque, Iowa 52004

ASTOKELY\510668.1\WP